**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAQUINN FISHER, an individual,

Plaintiff - Appellant,

v.

CITY OF MESA; et al.,

Defendants - Appellees.

No. 12-16661

D.C. No. 2:12-cv-00756-FJM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted June 12, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Laquinn Fisher appeals from the district court's order dismissing his 42

U.S.C. § 1983 action alleging that police officers violated his Fourth Amendment

rights by conducting an unlawful protective sweep of his apartment. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. § 1291. Our review is de novo, *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006), and we affirm.

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011). An official is entitled to qualified immunity unless a plaintiff alleges sufficient facts to show that the official violated a constitutional right *and* that the right was "clearly established" at the time of the challenged conduct. *Id.* at 2080. A right is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Here, Fisher is correct that *Maryland v. Buie*, 494 U.S. 325 (1990), established the principle that a protective sweep is permissible only if there are "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* at 334. Nevertheless, general propositions are of "little help in determining whether the violative nature of particular conduct is clearly established," *al-Kidd*, 131 S. Ct. at 2084. In May 2006, the contours of the right to freedom from unlawful

2

protective sweeps were not sufficiently clear such that reasonable officers would have believed that the protective sweep at issue in this case was unlawful under the circumstances. *See Anderson*, 483 U.S. at 640 ("[I]n the light of pre-existing law the unlawfulness must be apparent."). Accordingly, the district court did not err by granting the respondents' motion to dismiss on the basis that they are shielded by qualified immunity.

Moreover, the district court's decision to compare and contrast the two Arizona courts' decisions was consistent with *Wilson v. Layne*, 526 U.S. 603, 618 (1999), where the Supreme Court observed that "[i]f judges . . . disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." Therefore, the district court did not err in comparing the two decisions.

**AFFIRMED.**

3